IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **Malikie Innovations Ltd. and** § | | |
| **Key Patent Innovations Ltd.,** § | | |
| § | | |
| Plaintiffs, § | | |
| v. § | **CIVIL ACTION NO.** | |
| § | | |
| **Vantiva SA f/k/a Technicolor SA,** § | **JURY TRIAL DEMANDED** | |
| § | | |
| Defendant. § | | |
| § | | |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiffs Malikie Innovations Ltd. ("Malikie") and Key Patent Innovations Ltd. ("KPI") (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this Complaint for patent infringement and damages against Defendant Vantiva SA f/k/a Technicolor SA ("Vantiva" or "Defendant") and, in support, allege the following:

**PARTIES**

1. Plaintiff Malikie is the successor-in-interest to a substantial patent portfolio created and procured over many years by Blackberry Ltd., formerly known as Research in Motion Ltd., and its predecessor, subsidiary, and affiliated companies (collectively, "Blackberry"). Malikie is an Irish entity duly organized and existing under the laws of Ireland. Malikie has registered offices at: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2. Plaintiff KPI is the beneficiary of a trust pursuant to which Malikie owns, holds, and asserts the Asserted Patents (set forth below). KPI is an Irish entity duly organized and existing under the laws of Ireland. KPI has registered offices at: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, Defendant Vantiva SA, formerly known as Technicolor SA ("Vantiva") is a corporation duly organized and existing under the laws of France, with a principal place of business at: 10 Boulevard de Grenelle Paris, France 75015, France.

4. On information and belief, Defendant and/or its employees or officers direct and/or control the actions of its direct and indirect subsidiaries.  On information and belief, Defendant and/or its employees or officers direct and/or control the actions of these entities by, for example, inducing and contributing to the actions complained of herein.  Vantiva and its affiliates are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and/or using of the accused devices in the United States, including in the State of Texas generally and this judicial district in particular. One of its American affiliates is Vantiva USA, formerly known as Technicolor USA.

5. Vantiva and its affiliates share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products involving related technologies.

6. Vantiva and its affiliates regularly contract with customers regarding products made for or on behalf of those customers.

7. Vantiva and its affiliates operate as a unitary business venture and are jointly and severally liable for the acts of patent infringement alleged herein.

**PATENTS IN SUIT**

8. Malikie is the assignee of and owns all right and title to U.S. Patent Nos. U.S. Patent Nos. 8,099,646 (the "'646 Patent"); 8,291,289 (the "'289 Patent"); 9,313,065 (the "'065 Patent"); and 7,529,305 (the "'305 Patent) (collectively, the "Asserted Patents").

9. Blackberry developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to mobile devices and related software and wireless communications technology. Some of these groundbreaking inventions are described and claimed in certain of the Asserted Patents.

10. The '646 Patent, entitled "Low-Density Parity-Check (LDPC) Code" was duly and lawfully issued on January 17, 2012. A true and correct copy of the '646 Patent is attached hereto as Exhibit 1.

11. The '289 Patent, entitled "Low-Density Parity-Check (LDPC) Code" was duly and lawfully issued on October 16, 2012. A true and correct copy of the '289 Patent is attached hereto as Exhibit 2.

12. The '065 Patent, entitled "Scattered Pilot Pattern and Channel Estimation Method for MIMO-OFDM Systems" was duly and lawfully issued on April 12, 2016. A true and correct copy of the '065 Patent is attached hereto as Exhibit 3.

13. The '305 Patent, entitled "Combination of Space-time Coding and Spatial Multiplexing, and the Use of Orthogonal Transformation in Space-time Coding" was duly and lawfully issued on May 5, 2009. A true and correct copy of the '305 Patent is attached hereto as Exhibit 4.

14. Blackberry sent CommScope, Inc. a notice letter on October 2019, offering a license to the Asserted Patents. CommScope, Inc. sold its Home Networks Business to Vantiva on January 9, 2024.

15. Malikie sent Vantiva a letter (addressed to Vantiva's Corporate General Counsel, Ms. Olga Damiron), dated February 20, 2024, offering a license to Malikie's patent portfolio. Malikie's notice letter specifically identified the Asserted Patents. In addition, a set of exemplary

Vantiva products or services that Malikie believed were and/or are infringing these patents (on a patent-by-patent basis) was provided for the '646 Patent, the '289 Patent, and the '065 Patent. Malikie's letter also specifically noted that its portfolio included patents relating to the Wi-Fi 802.11 standard and that Malikie is willing to offer Vantiva a license so that it could continue its use of the patented technologies. The February 20, 2024 letter was sent via courier and e-mail. Ms. Damiron received and signed the proof of delivery of the February 20, 2024 letter. Neither Ms. Damiron nor anyone at Vantiva responded to Malikie.

16. Malikie followed up with Ms. Damiron with a letter dated March 15, 2024. Furthermore, Malikie sent Ms. Damiron an additional notice letter dated June 10, 2024. The June 10, 2024 letter followed up on the February 20, 2024 and March 15, 2024 letters and identified additional Patents, and a set of exemplary Vantiva products or services that Malikie believed were infringing these patents (on a patent-by-patent basis). The February 20, 2024 and June 10, 2024 letters included a request for a call or meeting to discuss Malikie's patent portfolio and possible licensing terms with Malikie. Malikie received a receipt indicating that the June 10, 2024 letter was received by Ms. Karen Leisten. Malikie followed up with Ms. Karen Leisten with a letter dated August 20, 2024. Neither Ms. Damiron, Ms. Leisten, nor anyone at Vantiva responded to Malikie's March 15, 2024, June 10, 2024, or August 20, 2024 letters.

17. Malikie sent Ms. Damiron a letter dated September 5, 2024. The September 5, 2025 letter referenced the February 20, 2024, March 15, 2024, June 10, 2024, August 20, 2024 letters and identified a rate at which Vantiva could license its standards-essential patents identified in the February 20, 2024 letter. Neither Ms. Damiron nor anyone at Vantiva responded to Malikie's September 5, 2024 letter.

18.     As neither Ms. Damiron, Ms. Leisten, nor anyone else at Vantiva or acting on Vantiva's behalf ever responded to Malikie's outreach, Malikie has been left with no choice but to bring this action to enforce its rights as the owner of valid and valuable patents that Vantiva is willfully infringing.

## WI-FI STANDARD AND PLAINTIFF'S FRAND OBLIGATIONS

19.     The Institute of Electrical and Electronics Engineers ("IEEE") is a professional association whose activities span a broad range of disciplines, including telecommunications. As part of its activities, the IEEE develops and publishes industrial standards, including standards pertaining to wireless communications.

20.     The IEEE-Standards Association (SA) operates within the IEEE and develops global standards in various industries, including Wi-Fi (802.11) standards. The IEEE 802.11 standards, developed by the IEEE-SA, provide a set of media access control (MAC) and physical layer (PHY) specifications for implementing Wi-Fi. The IEEE-SA requires participants to commit to abide by their Intellectual Property Rights ("IPR") policies, which set forth the rights and obligations of their members. For example, members are required to disclose intellectual property rights that disclose standard essential and potentially standard essential patents and patent applications relevant to IEEE standards. Further, the IEEE requires members disclosing IPR to indicate, via a Letter of Assurance ("LOA"), whether they will commit to granting implementer members a license under terms that are Fair, Reasonable, and Non-Discriminatory ("FRAND").

21.     Blackberry has been an active participant in the IEEE's development of industry standards, including many of the 802.11 standards. On numerous occasions, Blackberry notified the IEEE in public LOAs that its patents could include Essential Patent Claims with respect to at least the IEEE 802.11-2102, 802.11k, 802.11mb, 802.11n, 802.11p, 802.11r, 802.11s, 802.11u,

5

802.11v, 802.11w, 802.11y, 802.11z, 802.11aa, 802.11ad, 802.11ae, and 802.11.2 standards. Blackberry further indicated that it will grant a license to patents that could include Essential Patent Claims under terms that are FRAND.

22. As mentioned above, Malikie offered Vantiva the chance to license its SEPs, including those covering IEEE 802.11 standards, on Fair, Reasonable, and Non-Discriminatory ("FRAND") terms. Particularly, Blackberry contacted, on or about October 2019, CommScope to notify it of its infringement of numerous patents (including the Asserted Patents). Furthermore, Malikie contacted Vantiva and its representatives on or about February 20, 2024, to notify Vantiva of its infringement of numerous patents (including the Asserted Patents). Malikie sent additional correspondence to Vantiva on several occasions, including on or about March 15, 2024; June 10, 2024; August 20, 2024; and September 5, 2024. In its September 5, 2024, correspondence, Malikie offered a specific FRAND royalty rate for all patents essential to the IEEE 802.11 standards or that otherwise fall within the commitments to IEEE made by the owner of the patents at the time. Vantiva did not respond.

## JURISDICTION AND VENUE

23. Plaintiffs incorporate by reference paragraphs 1-22 herein.

24. This civil action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285. Thus, this is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

25. This District has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within this District giving rise to

this action; transacts and conducts business, directly, and/or indirectly, in this District and the State of Texas; and transacts and conducts business with residents of this District and the State of Texas.

26. Defendant has infringed and continues to infringe the Asserted Patents within this District and the State of Texas by making, using, selling, licensing, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products and services covered by claims in the Asserted Patents, including without limitation products that, when made or used, practice the claimed methods of the Asserted Patents. Defendant, directly and through intermediaries, makes, uses, sells, licenses, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products and services in or into this District and the State of Texas. Defendant regularly conducts and solicits business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to residents of this District and the State of Texas.

27. Defendant is doing business, either directly or through respective agents, on an ongoing basis in this Judicial District and elsewhere in the United States, and have committed acts of infringement in this district.

28. On information and belief, Defendant makes, uses, sells, offers to sell, and/or imports infringing products into and/or within this District, maintains a permanent and/or continuing presence within this District, and has the requisite minimum contacts with this District such that this venue is a fair and reasonable one. Upon information and belief, Defendant has transacted and, at the time of the filing of the Complaint, is continuing to transact business within this District.

29. Defendant purposefully directs or controls the sale of the accused products online and in nationwide retailers and wholesalers, including for sale in Texas and elsewhere in the United

States, and expects and intends that the accused products will be so sold in this District.  Defendant purposefully places the accused products—whether by itself or through subsidiaries, affiliates, or third parties—into an international supply chain, knowing that the accused products will be sold in the United States, including Texas and in this District. Therefore, Defendant also facilitates the sale of the accused products in Texas.

30. In particular, Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, sell, or offer to sell the accused products in a manner that infringes the Asserted Patents. Such steps by Defendant included, among other things, making or selling the accused products outside of the United States for importation into and/or sale in the United States, or knowing that such importation or sale would occur; and directing, facilitating, or influencing their affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf, to import, sell, and/or offer to sell the accused products in an infringing manner.

31. Defendant utilizes established distribution channels to distribute, market, offer for sale, sell, service, and warrant infringing products directly to consumers and other users in the U.S., including providing links via its website to online stores, retailers, resellers, distributors, and solution partners offering such products and related services for sale.  Such a presence furthers the development, design, manufacture, importation, distribution, sale, and use (including by inducement) of infringing Accused Products in Texas, including in this District. For example, Defendant (and its predecessor Technicolor S.A.) designs and manufactures routers provided by Xfinity to its Internet customers in Marshal, TX:

**XFI ADVANCED GATEWAY (XB8)**

The latest generation xFi Advanced Gateway allows you to supercharge your home with supersonic WiFi.

- It's super-fast at handling multi-Gig speeds, capable of powering hundreds of devices at once and has three times the bandwidth for more reliable connections.
- It blocks billions of threats annually with Advanced Security and is made to do anything, so you can do everything.
- Learn more about this new gateway.



- Model numbers: CGM4981COM

https://www.xfinity.com/support/articles/broadband-gateways-userguides (last visited December 29, 2024); *see also* https://connectnationwide.com/xfinity/marshall-tx/ (last visited December 29, 2024). Further, Vantiva and/or Technicolor obtained Wi-Fi 6 Certifications for at least some of its routers. *See e.g.* Certification IDs: WFA114527, WFA131069, WFA125011, WFA121806. Plaintiffs' causes of action arise, at least in part, from Defendant's contacts with and activities in and/or directed to this District and the State of Texas.

32. This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 et seq., the Texas Long Arm Statute.

33. Venue is proper in this judicial District under 28 U.S.C. §§ 1391(b)-(c) because, among other things, Vantiva is a foreign corporation defendant not resident in the United States and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

34. Vantiva is doing business, either directly or through respective agents, subsidiaries, or intermediaries, on an ongoing basis in this judicial District and elsewhere in the United States and have committed acts of infringement in this District.

35. Vantiva is subject to this Court's jurisdiction pursuant to due process and the Texas Long Arm Statute due at least to its substantial business activities in this State and District, including (a) its past and present infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods or services, including hardware, software, or support related goods or services, provided to customers in Texas.

## **FIRST CLAIM**

### **(Infringement of the '646 Patent)**

36. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-35 of their Complaint.

37. The '646 Patent is generally directed to constructing a low-density parity-check (LDPC) code using a structured parity check matrix and expanding the base parity check matrix into an expanded parity check matrix.

38. Defendant has been on notice of the '646 Patent and a specific factual basis for its infringement of the '646 Patent since at least February 20, 2024. On information and belief, Defendant did not take any action to stop its infringement.

39. Defendant has, under 35 U.S.C. § 271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 2 of the '646 Patent, by making, using, testing, selling, offering for sale, and/or importing hardware and/or software including devices compliant with IEEE 802.11

standards (excluding any products licensed under the '646 Patent), such as the Vantiva/Technicolor CGM4981, TC8715D, TC8305C, TC8717T, XB6-T G95CGM4140 devices. An exemplary claim chart concerning one way in which Technicolor infringes claim 2 of the '646 Patent is attached as Exhibit 5.

40. Defendant has also indirectly infringed, and continues to indirectly infringe, the '646 Patent under 35 U.S.C. § 271(b) and (c).

41. Defendant has knowingly, intentionally actively aided, abetted, and induced others to directly infringe at least claim 2 of the '646 Patent, and continues to do so, by, for example, selling and offering access to devices compliant with IEEE 802.11 standards. *See* Exhibit 5.

42. Defendant has also contributed to the direct infringement of at least claim 2 of the '646 Patent under 35 U.S.C. § 271(c), and continues to do so, by, for example, supplying, with knowledge of the '646 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, Defendant provides, owns, operates, sells, offers to sell, and/or imports devices compliant with IEEE 802.11 standards (such as that shown in Exhibit 5) that are not a staple article of commerce and are incapable of substantial noninfringing use.

43. Defendant's infringement has been willful in view of the above and its failure to take any action, even after being put on notice, to stop its infringement or inducement of, or contribution to, infringement by others.

## SECOND CLAIM

### (Infringement of the '289 Patent)

44. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-43 of their Complaint.

45. The '289 Patent is generally directed to constructing a low-density parity-check (LDPC) code using a structured parity check matrix and expanding the base parity check matrix into an expanded parity check matrix.

46. Defendant has been on notice of the '289 Patent and a specific factual basis for its infringement of the '289 Patent since at least February 20, 2024. On information and belief, Defendant did not take any action to stop its infringement.

47. Defendant has, under 35 U.S.C. § 271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '289 Patent, by making, using, testing, selling, offering for sale, and/or importing hardware and/or software including devices compliant with IEEE 802.11 standards (excluding any products licensed under the '289 Patent), such as the Vantiva/Technicolor CGM4981, TC8715D, TC8305C, TC8717T, XB6-T G95CGM4140 devices. An exemplary claim chart concerning one way in which Technicolor infringes claim 1 of the '289 Patent is attached as Exhibit 6.

48. Defendant has also indirectly infringed, and continues to indirectly infringe, the '289 Patent under 35 U.S.C. § 271(b) and (c).

49. Defendant has knowingly, intentionally actively aided, abetted, and induced others to directly infringe at least claim 1 of the '289 Patent, and continues to do so, by, for example, selling and offering access to devices compliant with IEEE 802.11 standards. *See* Exhibit 6.

50. Defendant has also contributed to the direct infringement of at least claim 1 of the '289 Patent under 35 U.S.C. § 271(c), and continues to do so, by, for example, supplying, with knowledge of the '289 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example,

Defendant provides, owns, operates, sells, offers to sell, and/or imports devices compliant with IEEE 802.11 standards (such as that shown in Exhibit 6) that are not a staple article of commerce and are incapable of substantial noninfringing use.

51. Defendant's infringement has been willful in view of the above and its failure to take any action, even after being put on notice, to stop its infringement or inducement of, or contribution to, infringement by others.

## THIRD CLAIM

**(Infringement of the '065 Patent)**

52. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-51 of their Complaint.

53. The '065 Patent is generally directed to wireless transmission of pilot symbols using orthogonal frequency division multiplexing (OFDM) frames via multiple antennas in an electronic device.

54. Defendant has been on notice of the '065 Patent and a specific factual basis for its infringement of the '065 Patent since at least February 20, 2024.

55. Defendant has, under 35 U.S.C. § 271(a), directly infringed literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 9 of the '065 Patent, by having made, used, tested, sold, offered for sale, and/or imported hardware and/or software including devices compliant with IEEE 802.11 standards (excluding any products licensed under the '065 Patent), such as the Vantiva/Technicolor C2100T, C1100T, CGM4981COM, CGM4331COM, CGA4131, CGA4140COM routers. An exemplary claim chart concerning one way in which Technicolor infringed claim 9 of the '065 Patent is attached as Exhibit 7.

## FOURTH CLAIM

### (Infringement of the '305 Patent)

56. Plaintiffs re-allege and incorporate herein by reference paragraphs 1-55 of their Complaint.

57. The '305 Patent is generally directed to wireless transmission of space-time coded data streams via multiple antennas in an electronic device.

58. Defendant has been on notice of the '305 Patent and a specific factual basis for its infringement of the '305 Patent since at least February 20, 2024.

59. Defendant has, under 35 U.S.C. § 271(a), directly infringed literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '305 Patent, by having made, used, tested, sold, offered for sale, and/or imported hardware and/or software including devices compliant with IEEE 802.11 standards (excluding any products licensed under the '305 Patent), such as the Vantiva/Technicolor CGM4981, TC8715D, TC8305C, TC8717T, XB6-T G95CGM4140 devices. An exemplary claim chart concerning one way in which Technicolor infringed claim 1 of the '305 Patent is attached as Exhibit 8.

## PRAYER FOR RELIEF

WHEREFORE, Malikie and KPI pray for judgment against Vantiva as follows:

A. That Vantiva has infringed each of the Asserted Patents, and unless enjoined, will continue to infringe the '646 patent and the '289 patent;

B. That Vantiva's infringement of the '646 patent and the '289 patent has been willful;

C. That Vantiva pay Malikie and KPI damages adequate to compensate for its past infringement of each of the Asserted Patents, and present and future infringement of the '646 patent and the '289 patent, together with interest and costs under 35 U.S.C. § 284;

    D.      That Vantiva pay prejudgment and post-judgment interest on the damages assessed;

    E.      That Vantiva pay Malikie and KPI enhanced damages pursuant to 35 U.S.C. § 284;

    F.      That Vantiva be ordered to pay ongoing royalties to Malikie and KPI for any post-judgment infringement of the '646 patent and the '289 patent;

    G.      That this is an exceptional case under 35 U.S.C. § 285; and that Vantiva pay Malikie and KPI's attorneys' fees and costs in this action; and

    H.      That Malikie and KPI be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Malikie and KPI hereby demands a trial by jury on all issues triable to a jury.

Respectfully submitted,

*/s/ Matthew G. Berkowitz by permission Andrea L. Fair*
Matthew G. Berkowitz – LEAD ATTORNEY
Aaron Morris
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
amorris@reichmanjorgensen.com

Khue V. Hoang
Patrick Colsher
Reichman Jorgensen Lehman & Feldberg LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
khoang@reichmanjorgensen.com
pcolsher@reichmanjorgensen.com

Naveed Hasan

Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7310
nhasan@reichmanjorgensen.com

Of Counsel:

Andrea L. Fair
Texas Bar No. 24078488
Claire Abernathy Henry
Texas State Bar No. 24053063
MILLER FAIR HENRY PLLC
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
andrea@millerfairhenry.com
claire@millerfairhenry.com

*Attorneys for Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd.*